IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES A. HALL                                                                                         PLAINTIFF

v.                                      Civil No. 3:24-cv-03043-TLB-MEF

JUDGE SCOTT JACKSON
(19th Judicial District), *et. al.*                                                             DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915(e)(2). Under this provision, the Court is required to screen any complaint in which a Plaintiff seeks to proceed *in forma pauperis*.

### I.  BACKGROUND

Plaintiff filed his Complaint on October 23, 2024. (ECF No. 2). The Complaint centers on an Arkansas Department of Children and Family Services case involving his grandchild. (*Id*. at 5). It also references a petition for a protective order filed against him in Carroll County, Arkansas. (*Id*.). Based on his allegations, Plaintiff is unhappy with how these cases are proceeding. Plaintiff names a wide variety of Defendants, including Arkansas judges and a court clerk, numerous employees of the Arkansas Department of Human Services, the Governor of Arkansas, the Arkansas Supreme Court, and the Judicial Discipline and Disability Commission. (*Id*. at 2-5). Plaintiff believes that the judge and attorneys in the state cases have "shown extreme

1

prejudice" against him. (*Id*. at 6). He alleges the Governor has failed to reform the Department of Human Services and failed in her oversight of the agency. (*Id*. at 7).

Plaintiff seeks a declaratory order stating that Defendants have all violated the United States Constitution, and an injunction compelling all Defendants to recuse and disqualify themselves in any matter involving himself or any of his biological children and grandchildren "permanently and forever." He further seeks compensatory and punitive damages. (*Id*. at 8).

## II.    LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe

the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

This Court lacks subject matter jurisdiction over Plaintiff's claims. "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (cleaned up). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (West). Plaintiff has identified no cognizable federal source of law for any of his claims. Instead, his allegations are based only on his displeasure with the proceedings in two Arkansas state cases involving Arkansas state law. Thus, this Court does not have federal question jurisdiction over these cases. Neither does the Court have diversity jurisdiction. Plaintiff and the named individual Defendants are all identified as Arkansas citizens.[1] "Diversity jurisdiction requires complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4d 830, 839 (8th Cir. 2022) (cleaned up). Further, the inclusion of the Arkansas Supreme Court and the Judicial Discipline and Disability Commission as Defendants destroys diversity of citizenship, which must be between citizens of different states. "[I]t is well settled that a suit between a state and a citizen ... of another state is not between citizens of different states." *Postal Telegraph Cable Co. v. State of Alabama*, 155 U.S. 482, 487 (1894)). "Nor is an entity that is merely an alter ego or arm of a

---

[1] The Court takes judicial notice that Plaintiff was advised of the requirements of diversity jurisdiction in *Hall v. Garrison*, Case No. 3:22-cv-03066-TLB. In that case, Plaintiff attempted to challenge the interpretation of a prenuptial agreement concerning child custody after a divorce.

State a citizen for purposes of" diversity jurisdiction. *Pub. Sch. Ret. System of Missouri v. State St. Bank & Tr. Co.*, 640 F.3d 821, 826 (8th Cir. 2011).

## IV.   CONCLUSION

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

<u>Referral Status</u>: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of December 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE